Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Frederick J. Kapala | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 50295 | **DATE** | 1/30/2012 |
| **CASE TITLE** | Kahler vs. Snyders, et al. | | |

**DOCKET ENTRY TEXT:**

Defendants' motion to dismiss [46] is granted. Counts One and Two are dismissed without prejudice to filing an amended complaint within 30 days of this order. Failure to file an amended complaint within the time allowed will result in those counts being dismissed with prejudice. The supplemental claims raised in Counts Three through Seven are dismissed without prejudice to refiling either in state court or in this case if plaintiff files an amended complaint in accordance with this order.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

     Plaintiff, Sally J. Kahler, as Executor for the Estate of Aimee N. Ewinger, filed a seven-count first amended complaint against defendants, Stephenson County Sheriff David Snyders, Stephenson County correctional officers Lawrence J. Smith and Robert H. Klosa, the County of Stephenson (collectively, "Stephenson County defendants"), and Diane York, R.N. In Count One, brought pursuant to 42 U.S.C. § 1983, plaintiff alleges that all of the defendants were deliberately indifferent to Ewinger's medical needs in violation of her Eighth Amendment rights. In Count Two, plaintiff raises a <u>Monell</u> claim by alleging that the constitutional violations detailed in Count One were the result of customs, policies, or practices of the County of Stephenson and/or Sheriff Snyders. In Counts Three through Seven, plaintiff alleges state law claims for wrongful death, negligence, intentional infliction of emotional distress, <u>respondeat superior</u>, and indemnification.

     According to the complaint, when Ewinger surrendered herself to the Jail at approximately 9:00 a.m. on November 10, 2009, to begin serving a sentence for a misdemeanor conviction, she had in her possession a bottle of Lorazepam and a bottle of Trazadone. These medications had been prescribed to her by licensed medical doctors. During the booking process, however, Ewinger was advised by Sergeant Smith and Nurse York that she could not have those medications in the Jail because they were controlled substances. Ewinger advised that she was a chronic alcoholic, that she had been prescribed these medications for alcohol withdrawal, and that she would be experiencing the effects of alcohol withdrawal without the medications. During her medical screening of Ewinger, York telephoned a contracted physician who denied Ewinger her medication. York did not contact Ewinger's physicians to confirm the diagnosis or the severity of her chronic alcoholism, and Ewinger was not given any medications while in the custody of the Jail. Later that night, at 11:30 p.m., Ewinger was found lying prone on the floor unresponsive and not breathing. She was taken to the hospital but passed away on November 12, 2009. The cause of death was determined to be chronic alcoholism.

     Currently before the court is a motion to dismiss filed by the Stephenson County defendants pursuant to

## STATEMENT

Federal Rule of Civil Procedure 12(b)(6).[1]  In their motion, defendants argue that, as non-medical personnel, they were entitled to defer to the professional judgment of the Jail's medical officials and that the allegations in the amended complaint do not make it plausible that they were deliberately indifferent to Ewinger's medical condition.

In her reply, plaintiff argues that the Supreme Court's decisions in Ashcroft v. Iqbal, 556 U.S. 662 (2009), and Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), "did not change the legal landscape," and that plaintiff "need only plead a sufficiently serious deprivation and the legal conclusion that the defendant acted with the requisite mental state."  Plaintiff argues that she has met this notice pleading requirement and that the motion to dismiss should be denied.  Alternatively, plaintiff asks for leave to file an amended complaint if the court finds that the complaint is deficient.

Here, the court disagrees with plaintiff's assessment that the Supreme Court's decisions in Iqbal and Twombly are of no consequence.  It is still true, as plaintiff suggests and Twombly states, that Rule 8 "requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests."  550 U.S. at 555 (alteration and quotation marks omitted).  However, the Twombly Court made clear that notice of the claim is not all that is required by Rule 8.  Rather, the Court explained that, although a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Id. (alteration, citations, and quotation marks omitted).  In other words, the "[f]actual allegations must be enough to raise a right to relief above the speculative level."  Id.

Any lingering confusion after Twombly was put to rest by the decision in Iqbal, in which the Court held that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  556 U.S. at __, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.  On the other hand, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Id.

With these principles in mind, the court finds that plaintiff's amended complaint does not state a claim to relief that is plausible on its face against the Stephenson County defendants.  The allegations in the complaint demonstrate that Nurse York considered Ewinger's request for medication as part of her medical screening and, in the process, telephoned a contracted physician who denied the medication.  As the Seventh Circuit has explained, "if a prisoner is under the care of medical experts a non-medical prison official will generally be justified in believing that the prisoner is in capable hands."  Hayes v. Snyder, 546 F.3d 516, 527 (7th Cir. 2008) (alterations and quotation marks omitted).  While it is possible that "nonmedical officials can be chargeable with the Eighth Amendment scienter requirement of deliberate indifference where they have a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner," there are no factual allegations in the instant complaint that make it plausible that this exception applies.  Id. (quotation marks omitted).  Rather, plaintiff's complaint contains the "unadorned, the-defendant-unlawfully-harmed-me accusation" that Iqbal said was insufficient to meet the pleading requirements of Rule 8.  556 U.S. at __, 129 S. Ct. at 1949.

For all these reasons, the court grants defendants' motion to dismiss as to the § 1983 claims raised in Counts One and Two.  Because plaintiff requested leave to amend, the dismissal of these counts will be without prejudice to filing an amended complaint within 30 days of this order if counsel, after reviewing the standards set forth in Iqbal and Twombly, can do so consistent with his Rule 11 obligations.  Failure to file an amended complaint within the time allowed will result in those counts being dismissed with prejudice.  As for Counts

| STATEMENT |
|---|
| Three through Seven, the court will relinquish jurisdiction over these supplemental state law claims rather than resolve them on the merits. See 28 U.S.C. § 1367(c)(3); Williams v. Rodriguez, 509 F.3d 392, 404 (7th Cir. 2007). These counts are dismissed without prejudice to refiling either in state court or in this case if plaintiff files an amended complaint in accordance with this order. |

1. Nurse York was previously dismissed from this case, but plaintiff was granted leave to file an amended complaint as to certain counts. However, plaintiff never filed an amended complaint within the time allowed. Therefore, the dismissal of Nurse York is now with prejudice as to all counts.